# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICKY D. COLLEY** <br> P.O. Box 145 <br> Celoron, New York 14720 <br><br> **and** <br><br> **SUSAN COLLEY** <br> P.O. Box 145 <br> Celoron, New York 14720 <br><br>       Plaintiffs, <br> **against** <br><br> **DAVID M. BABINS, M.D.** <br> 100 Peach Street, Suite 400 <br> Erie, Pennsylvania 16507 <br><br> **ORTHOPAEDIC & SPORTS MEDICINE OF ERIE** <br> 100 Peach Street, Suite 400 <br> Erie, Pennsylvania 16507 <br><br> **MARJORIE ADAMUS, RPA-C** <br> 100 Peach Street, Suite 400 <br> Erie, Pennsylvania 16507 <br><br> **UPMC HAMOT** <br> 201 State Street <br> Erie, Pennsylvania 16550 <br><br> **NATHAN MONACO, M.D.** <br> 201 State Street <br> Erie, Pennsylvania 16550 <br><br> **WARREN MANOR** <br> 682 Pleasant Drive <br> Warren, Pennsylvania 16365 <br><br> **KENNETH LEE WILLIAMS, M.D.** <br> 682 Pleasant Drive <br> Warren, Pennsylvania 16365 <br><br>       Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | **COMPLAINT** <br><br> Case No.: **15-36 Erie** |

Plaintiffs, RICKY D. COLLEY AND SUSAN COLLEY, by their attorneys, STAMM LAW FIRM, for their Complaint against the Defendants herein allege:

1. That at all times hereinafter mentioned, the Plaintiffs, RICKY D. COLLEY AND SUSAN COLLEY, were and still are residents of the Village of Celoron, County of Chautauqua and State of New York.

2. Upon information and belief, the Defendant, DAVID M. BABINS, M.D., was and still is a resident of the State of Pennsylvania and at all times hereinafter mentioned was a physician duly licensed to practice medicine under the laws of the State of New York and the State of Pennsylvania. Upon information and belief, the Defendant, DAVID M. BABINS, M.D., has medical offices for treatment of patients located at 100 Peach Street, Suite 400, Erie, Pennsylvania 16507. Additionally, upon information and belief, the Defendant, DAVID M. BABINS, MD., was either employed by or an independent contractor having a working relationship with the Defendant, UMPC HAMOT, with offices located at 201 State Street, Erie, Pennsylvania 16550.

3. Upon information and belief, at all times herein after mentioned, the Defendant, ORTHOPAEDIC & SPORTS MEDICINE OF ERIE was and remains a foreign entity, properly registered to do business in the State of Pennsylvania as a group of physicians with offices located at 100 Peach Street, Suite 400, Erie, Pennsylvania 16507.

4. Upon information and belief, the Defendant, MARJORIE ADAMUS, RPA-C, was and still is a resident of the State of Pennsylvania and at all times hereinafter mentioned was a physicians' assistant duly licensed under the laws of the State of Pennsylvania. Upon information and belief, the Defendant, MARJORIE ADAMUS, RPA-C, was either employed by or an independent contractor having a working relationship with the Defendant,

2

ORTHOPAEDIC & SPORTS MEDICINE OF ERIE, with offices located at 100 Peach Street, Suite 400, Erie, Pennsylvania 16507.  Additionally, upon information and belief, the Defendant, MARJORIE ADAMUS, RPA-C, was also either employed by or an independent contractor having a working relationship with the Defendant, UPMC HAMOT, with offices located at 201 State Street, Erie, Pennsylvania 16550.

5. Upon information and belief, the Defendant, UPMC HAMOT, is a foreign entity, duly organized and existing under the laws of State of Pennsylvania, with offices for conducting its activities as a medical center at 201 State Street, Erie, Pennsylvania 16550.

6. Upon information and belief, the Defendant, NATHAN MONACO, M.D., was and still is a resident of the State of Pennsylvania and at all times hereinafter mentioned was a physician duly licensed to practice medicine under the laws of the State of Pennsylvania.  Upon information and belief, the Defendant, NATHAN MONACO, M.D., was either employed by or was an independent contractor having a working relationship with the Defendant, UPMC HAMOT.

7. Upon information and belief, the Defendant, WARREN MANOR, is a foreign entity, duly organized and existing under the laws of the State of Pennsylvania, with offices for conducting its activities as a rehabilitation facility and nursing home at 682 Pleasant Drive, Warren, Pennsylvania 16365.

8. Upon information and belief, the Defendant, KENNETH LEE WILLIAMS, M.D., was and still is a resident of the State of Pennsylvania and at all times hereinafter mentioned was a physician duly licensed to practice medicine under the laws of the State of Pennsylvania.  Upon information and belief, the Defendant, KENNETH LEE WILLIAMS, M.D., was either employed

by or was an independent contractor having a working relationship with the Defendant, WARREN MANOR.

9. Upon information and belief, at all times hereinafter mentioned, the Defendant, DAVID M. BABINS, M.D., represented to the public and the Plaintiffs that he was a qualified physician with the competence, knowledge, training, and experience to render proper evaluation and treatment of the medical condition of his patients, and invited the public, including the Plaintiffs, to utilize his services. It then became, and was the duty of the Defendant, DAVID M. BABINS, M.D., to exercise reasonable care to see that the Plaintiff obtained proper medical treatment and attention.

10. Upon information and belief, at all times hereinafter mentioned, the Defendant, ORTHOPAEDIC & SPORTS MEDICINE OF ERIE, represented itself to the public and the Plaintiffs as being capable of rendering proper diagnosis and treatment of any and all physical disabilities and infirmities arising from any cause and invited the public, including the Plaintiff, to utilize its services at a remuneration to be charged by the Defendant, ORTHOPAEDIC & SPORTS MEDICINE OF ERIE. The Defendant, ORTHOPAEDIC & SPORTS MEDICINE OF ERIE, acting through its agents and employees, then and there acting within the scope of their employment, undertook to render medical care and assistance to the Plaintiff, RICKY D. COLLEY, and it then and there became, and was the duty of the Defendant, ORTHOPAEDIC & SPORTS MEDICINE OF ERIE, to exercise reasonable care to see that the Plaintiff, RICKY D. COLLEY, obtained proper medical treatment and attention.

11. Upon information and belief, at all times hereinafter mentioned, the Defendant, UPMC HAMOT, represented itself to the public and the Plaintiffs as being capable of rendering proper diagnosis and treatment of any and all physical disabilities and infirmities arising from

4

any cause and invited the public, including the Plaintiff, to utilize its services at a remuneration to be charged by the Defendant, UPMC HAMOT. The Defendant, UPMC HAMOT, acting through its agents and employees, then and there acting within the scope of their employment, undertook to render medical care and assistance to the Plaintiff, RICKY D. COLLEY, and it then and there became, and was the duty of the Defendant, UPMC HAMOT, to exercise reasonable care to see that the Plaintiff, RICKY D. COLLEY, obtained proper medical treatment and attention.

12. Upon information and belief, at all times hereinafter mentioned, the Defendant, NATHAN MONACO, M.D., represented to the public and the Plaintiffs that he was a qualified physician with the competence, knowledge, training, and experience to render proper evaluation and treatment of the medical condition of his patients, and invited the public, including the Plaintiffs, to utilize his services. It then became, and was the duty of the Defendant, NATHAN MONACO, M.D., to exercise reasonable care to see that the Plaintiff obtained proper medical treatment and attention.

13. Upon information and belief, at all times hereinafter mentioned, the Defendant, MARJORIE ADAMUS, RPA-C, represented to the public and the Plaintiffs that she was a qualified physician's assistant with the competence, knowledge, training, and experience to render proper evaluation and treatment of the medical condition of her patients, and invited the public, including the Plaintiffs, to utilize her services. It then became, and was the duty of the Defendant, MARJORIE ADAMUS, RPA-C, to exercise reasonable care to see that the Plaintiff obtained proper medical treatment and attention.

14. Upon information and belief, at all times hereinafter mentioned, the Defendant, WARREN MANOR, represented itself and to the public and the Plaintiffs as being capable of rendering proper diagnosis and treatment of any and all physical disabilities and infirmities arising from any cause and invited the public, including the Plaintiff, to utilize its services at a remuneration to be charged by the Defendant, WARREN MANOR. The Defendant, WARREN MANOR, acting through its agents and employees, then and there acting within the scope of their employment, undertook to render medical care and assistance to the Plaintiff, RICKY D. COLLEY, and it then and there became, and was the duty of the Defendant, WARREN MANOR, to exercise reasonable care to see that the Plaintiff, RICKY D. COLLEY, obtained proper medical treatment and attention.

15. Upon information and belief, at all times hereinafter mentioned, the Defendant, KENNETH LEE WILLIAMS, M.D., represented to the public and the Plaintiffs that he was a qualified physician with the competence, knowledge, training, and experience to render proper evaluation and treatment of the medical condition of his patients, and invited the public, including the Plaintiffs, to utilize his services. It then became, and was the duty of the Defendant, KENNETH LEE WILLIAMS, M.D., to exercise reasonable care to see that the Plaintiff obtained proper medical treatment and attention.

16. At the various times hereinafter mentioned, the relationship of patient and care-giver existed between Plaintiff, RICKY D. COLLEY, and the named Defendants herein.

17. On or about January 9, 2013, the Plaintiff RICKY D. COLLEY, came under the care and treatment of the Defendant, DAVID M. BABINS, M.D. and ORTHOPEDIC & SPORTS MEDICINE OF ERIE. Upon information and belief, a decision was made for the Plaintiff, RICKY D. COLLEY, to undergo total left knee arthroplasty surgery to be performed by

the Defendants, DAVID M. BABINS, M.D., NATHAN MONACO, M.D. and MARJORIE ADAMUS, RPA-C.

18. The Defendant, DAVID M. BABINS, M.D., performed a total left knee arthroplasty at UPMC HAMOT on February 7, 2013, during which he was assisted by the Defendants, NATHAN MONACO, M.D. and MARJORIE ADAMUS, RPA-C.

19. Upon information and belief, the Plaintiff, RICKY D. COLLEY, was an inpatient at UPMC HAMOT from February 7, 2013 through February 11, 2013.

20. Thereafter, the Plaintiff, RICKY D. COLLEY, was transferred from UPMC HAMOT to WARREN MANOR for rehabilitation on or about February 11, 2013. While an inpatient at WARREN MANOR, upon information and belief, RICKY D. COLLEY was examined and treated by KENNETH LEE WILLIAMS, M.D.

21. The Plaintiff, RICKY D. COLLEY, was discharged from WARREN MANOR on or about February 28, 2013.

22. The Plaintiff RICKY D. COLLEY, underwent a left above-knee amputation on March 21, 2013.

23. As to Defendant, DAVID M. BABINS, M.D., the allegations of negligence, carelessness, and recklessness which constitute medical malpractice include, but are not limited to, the following deviations from accepted standards of care: failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the appropriate diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to perform adequate pre-operative testing; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to

7

secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; and otherwise acting negligently, carelessly and recklessly and breached his duty of care owed to the Plaintiff by his negligent, careless and reckless acts which constitute medical malpractice.

24. As to the Defendant, ORTHOPAEDIC & SPORTS MEDICINE OF ERIE, both individually and under the theories of vicarious liability, through the acts of their agents, representatives, employees, servants and/or subcontractors, the allegations of negligence, carelessness and recklessness which constitute medical malpractice include, but are not limited to, the following: failure to properly supervise and train their staff; failure to properly staff their facility with appropriately trained, properly credentialed, competent and qualified medical personnel; failure in allowing their employees, agents, representatives, servants and subcontractors to perform medical treatments and/or procedures that were beyond their competence and skill level; failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the appropriate diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to perform adequate pre-operative testing; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; failure of their agents, employees, representatives, servants and/or subcontractors that can be imputed to their facility; failure to take due note of the Plaintiff's complaints and symptoms; and otherwise acting negligently, carelessly and recklessly and

breached its duty of care owed to the Plaintiff by its negligent, careless and reckless acts which constitute medical malpractice.

25. As to Defendant, MARJORIE ADAMUS, RPA-C, the allegations of negligence, carelessness, and recklessness which constitute medical malpractice include, but are not limited to, the following deviations from accepted standards of care: failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the appropriate diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to perform adequate pre-operative testing; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; and otherwise acting negligently, carelessly and recklessly and breached her duty of care owed to the Plaintiff by her negligent, careless and reckless acts which constitute medical malpractice.

26. As to the Defendant, UPMC HAMOT, both individually and under the theories of vicarious liability, through the acts of its agents, representatives, employees, and/or subcontractors, the allegations of negligence, carelessness, and recklessness which constitute medical malpractice include, but are not limited to the following: failure to properly supervise and train their staff; failure to properly staff their facility with appropriately trained, properly credentialed, competent and qualified medical personnel; failure in allowing their employees, agents, representatives, servants and subcontractors to perform medical treatments and/or procedures that were beyond their competence and skill level; failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the appropriate

9

diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to perform adequate pre-operative testing; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; failure of their agents, employees, representatives, servants and/or subcontractors that can be imputed to their facility; failure to take due note of the Plaintiff's complaints and symptoms; and otherwise acting negligently, carelessly and recklessly and breached its duty of care owed to the Plaintiff by its negligent, careless and reckless acts which constitute medical malpractice.

27. As to Defendant, NATHAN MONACO, M.D., the allegations of negligence, carelessness, and recklessness which constitute medical malpractice include, but are not limited to, the following deviations from accepted standards of care: failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the appropriate diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; and otherwise acting negligently, carelessly and recklessly and breached his duty of care owed to the Plaintiff by his negligent, careless and reckless acts which constitute medical malpractice.

Case 1:15-cv-00236-BRD Document 21 Filed 01/27/15 Page 10 of 14

28. As to Defendant, WARREN MANOR, both individually and under the theories of vicarious liability, through the acts of its agents, representatives, employees, and/or subcontractors, the allegations of negligence, carelessness, and recklessness which constitute medical malpractice include, but are not limited to the following: failure to properly supervise and train their staff; failure to properly staff their facility with appropriately trained, properly credentialed, competent and qualified medical personnel; failure in allowing their employees, agents, representatives, servants and subcontractors to perform medical treatments and/or procedures that were beyond their competence and skill level; failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the appropriate diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; failure of their agents, employees, representatives, servants and/or subcontractors that can be imputed to their facility; failure to take due note of the Plaintiff's complaints and symptoms; and otherwise acting negligently, carelessly and recklessly and breached its duty of care owed to the Plaintiff by its negligent, careless and reckless acts which constitute medical malpractice.

29. As to Defendant, KENNETH LEE WILLIAMS, M.D., the allegations of negligence, carelessness, and recklessness which constitute medical malpractice include, but are not limited to, the following deviations from accepted standards of care: failure to properly and adequately treat and care for the Plaintiff in a careful and skillful manner; failing to perform the

11

appropriate diagnostic procedures and treatments for the Plaintiff; failing to make a correct diagnosis of the Plaintiff's true condition; failing to accurately appreciate, assess and acknowledge Plaintiff's complaints of left lower extremity pain and swelling; failing to do a proper examination; failing to refer the Plaintiff to a specialist; failing to secure an appropriate consultation of a duly qualified physician to perform an assessment of the true injuries from which the Plaintiff suffered; and otherwise acting negligently, carelessly and recklessly and breached his duty of care owed to the Plaintiff by his negligent, careless and reckless acts which constitute medical malpractice.

30. The injuries suffered by the Plaintiff, RICKY D. COLLEY, were caused solely and wholly as a result of the negligence, carelessness, and recklessness of the Defendants as stated herein, and without fault, negligence or contribution thereto by the Plaintiff, RICKY D. COLLEY and/or his wife, SUSAN COLLEY.

31. During the above-stated time periods, the Defendants named herein breached their duty of care owed to the Plaintiff, RICKY D. COLLEY, and the Defendants' negligence, carelessness, and recklessness which lies in medical malpractice has caused the Plaintiff to suffer permanent injuries including, but not limited to, the following: severe burning, throbbing, swelling and pain in left lower extremity and left foot; loss of left lower extremity; having to undergo the surgical amputation procedure and post-operative recovery; extreme and unnecessary physical and mental pain, injuries, anxiety, fear and mental anguish. All of the Plaintiff's injuries are believed to be permanent in nature.

32. The negligence, carelessness, and recklessness of the Defendants constitute

deviations from acceptable standards of medical care which constitutes medical malpractice. These deviations are the proximate cause of the Plaintiff's, RICKY D. COLLEY, severe and grievous permanent injuries, severe pain, suffering and mental anguish.

33. The amount of damages sought in this cause of action exceed the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

### AS AND FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION, THE PLAINTIFFS, RICKY D. COLLEY AND SUSAN COLLEY, HEREIN ALLEGE:

34. Plaintiffs repeat and reallege the allegations contained in paragraphs numbered "1" through "33" of this Complaint as if fully stated herein.

35. At all times hereinafter mentioned, the Plaintiff, RICKY D. COLLEY, was and is the spouse of the Plaintiff, SUSAN COLLEY, and together they live as husband and wife.

36. As a result of the negligence, recklessness, and carelessness of the Defendants, the Plaintiff, SUSAN COLLEY, has sustained injuries.

37. As a result of the negligence, recklessness and/or carelessness of the Defendants, the Plaintiff, RICKY D. COLLEY, has been unable to assist in her normal household and companionship duties to the Plaintiff, SUSAN COLLEY. The Plaintiff, SUSAN COLLEY, alleges loss of services and loss of consortium from her husband, RICKY D. COLLEY.

38. The amount of damages sought in this cause of action exceed the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

39. The Plaintiffs demand $7 million in damages.

**WHEREFORE,** the Plaintiffs demand judgment against the Defendants on the above stated two causes of action in an amount to be determined upon trial of this action together with the costs and disbursements of this action.

DATED:    January 20, 2015
               Williamsville, NY

Yours etc.

By: *[signature]*
Bradley J. Stamm, Esq.
STAMM LAW FIRM
Attorneys for Plaintiffs
1127 Wehrle Drive, Suite 100
Williamsville, NY 14221